UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **JOHNNY JUNIOR WILLIAMS**  BOP #25834-056 | : | **CIVIL ACTION NO. 15-cv-1754**  **SECTION P** |
| **VERSUS** | : | **JUDGE MINALDI** |
| **BECKY CLAY, WARDEN** | : | **MAGISTRATE JUDGE KAY** |

## REPORT AND RECOMMENDATION

Before the court is the petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2241 by pro se petitioner Johnny Junior Williams ("Williams"). Williams is in the custody of the Federal Bureau of Prisons and is currently incarcerated at the Federal Correctional Institute in Oakdale, Louisiana.

This matter was referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of the court. For the following reasons it is recommended that the petition be **DISMISSED WITH PREJUDICE**.

### I.
#### BACKGROUND

Williams pleaded guilty to violations of 21 U.S.C. §§ 841 and 846, and 18 U.S.C. §§ 922(g) and 924(c). Doc. 1, p. 2. On March 17, 2009, he was sentenced to 184 months incarceration by the United States District Court for the Western District of North Carolina. Doc. 1, p. 1. Williams states that he appealed his conviction to the United States Court of Appeals for the Fourth Circuit, which affirmed the same in 2013. Doc. 1, p. 2. Williams then filed a 28 U.S.C. § 2255,

motion to vacate, set aside, or correct his sentence in the Western District of North Carolina. *Id.* He does not state the result of the motion.

Williams signed and dated the instant habeas petition on May 21, 2015. Doc. 1, p. 5. Herein, he claims that pursuant to *Carachuri-Rosendo v. Holder*, 560 U.S. 563, 575–82 (2010), he is actually innocent of the career criminal designation in light of the inapplicability of the prior convictions. Doc. 1, p. 4.

## II.
### LAW AND ANALYSIS

Habeas corpus petitions filed pursuant to 28 U.S.C. § 2241 are generally used to challenge the manner in which a sentence is executed. *See Warren v. Miles*, 230 F.3d 688, 694 (5th Cir. 2000). A motion to vacate sentence filed pursuant to 28 U.S.C. § 2255 allows federal inmates to collaterally attack the legality of their convictions or sentences. *Cox v. Warden, Fed. Det. Ctr.*, 911 F.2d 1111, 1113 (5th Cir. 1990). Here Williams collaterally attacks his incarceration, arguing errors with regard to his federal conviction and challenges the sentence imposed, not the execution of his sentence. Therefore his claim should be advanced in a § 2255 motion to vacate.

Federal prisoners may use § 2241 to challenge the legality of their convictions or sentences but only if they satisfy the § 2255 "savings clause." *Reyes-Requena v. United States*, 243 F.3d 893, 901 (5th Cir. 2001). The savings clause" provides:

> An application for a writ of habeas corpus on behalf of a prisoner who is authorized to apply for relief shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy is inadequate or ineffective to test the legality of his detention.

28 U.S.C. § 2255(e).   A prisoner seeking such relief under the savings clause must establish that: (1) his claim is based on a retroactively applicable Supreme Court decision which establishes that he may have been convicted of a nonexistent offense, and that (2) his claim was foreclosed by

circuit law at the time when the claim should have been raised in his trial, appeal, or first § 2255 motion. *Reyes-Requena*, 243 F.3d at 904. Such petitioners bear the burden of demonstrating that the § 2255 remedy is inadequate or ineffective. *Jeffers v. Chandler*, 253 F.3d 827, 830 (5th Cir. 2001). The fact that a prior § 2255 motion was unsuccessful or that the petitioner is unable to meet the statute's second or successive requirement does not make § 2255 inadequate or ineffective. *Id.*

Williams does not satisfy the criteria set forth above. His reliance on *Carachuri-Rosendo* is misplaced as the Supreme Court has not made the cited case retroactively applicable on collateral review. The Supreme Court has unequivocally stated "a new rule is not made retroactive to cases on collateral review unless the Supreme Court holds it to be retroactive." *Tyler v. Cain*, 533 U.S. 656, 662–63 (2001). There is simply no indication that the Supreme Court has done so in its decision in *Carachuri-Rosendo.*

Further, the Fifth Circuit disallows claims attacking sentence enhancements under the savings clause. *In re Bradford v. Tamez*, 660 F.3d 226, 230 (5th Cir. 2011). A claim of actual innocence of a sentencing enhancement "is not a claim of actual innocence of the crime of conviction and, thus, not the type of claim that warrants review under Section 2241." *Bradford*, 660 F.3d at 230; *see also Kinder v. Purdy,* 222 F.3d 209, 213, 214 (5th Cir. 2000) (claim of actual innocence of a career-offender enhancement is not properly raised in § 2241 petition because petitioner is not claiming actual innocence of crime of conviction, only of the enhancement).

### III.
#### CONCLUSION

Because Williams has not met the savings clause requirements, his claims are not properly brought under § 2241, and this court lacks jurisdiction to consider his claims under § 2255. In sum, he has failed to show that his 28 U.S.C. § 2255 remedies are ineffective and inadequate under the savings clause.

Accordingly,

**IT IS RECOMMENDED** that the petition for habeas corpus filed pursuant to 28 U.S.C. § 2241 be **DISMISSED WITH PREJUDICE** because the court lacks jurisdiction to consider these claims.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the District Judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Federal Rule of Civil Procedure 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** *See Douglass v. United Services Automobile Ass'n*, **79 F.3d 1415 (5th Cir. 1996).**

THUS DONE this 30th day of September, 2015.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE